Argued and submitted March 7, decided April 19, 1911.

## DUFUR v. NELSON.

[115 Pac. 148.]

JUDGMENT—PLEADINGS TO SUSTAIN.
Where, in a suit to set aside a deed, plaintiff obtained an order making a third person, to whom the land had been conveyed, a party defendant and amended the original complaint by writing the name of the third person in the title as a defendant, the court could not make a binding decree against such person, who filed an answer identical with the answer of the original defendant, though plaintiff established a good case, because of the absence of allegations in the complaint to support a cause against him.

From Wasco: WILLIAM L. BRADSHAW, Judge.

Statement PER CURIAM.

This is a suit by A. J. Dufur and Mary Dufur against W. F. Nelson, trustee, and the Great Southern Railroad Company, a corporation, in which, on motion of plaintiffs, the Great Southern Land Company, was made a party defendant, to set aside certain deeds made by the plaintiffs to defendant Nelson, and by him to the Great Southern Land Company. From a decree in favor of plaintiffs, defendants appeal.          DISMISSED.

For appellants there was a brief and oral arguments by *Messrs. Joseph & Haney.*

For respondents there was a brief and oral arguments by *Mr. Enoch B. Dufur* and *Mr. Hayward H. Riddell.*

Opinion PER CURIAM.

In this case it seems that during the progress of the trial the plaintiffs discovered that the land in question had been conveyed by the defendant Nelson to the Great Southern Land Company, a stranger to the suit. On motion of plaintiffs, at this juncture, the court entered an order making the land company a party defendant. The amended complaint was filed, and nothing was done in that respect, except, perhaps, to write the name of

the land company in the title of the cause in the original complaint as a defendant.

The land company filed an answer identical in terms with the answer of the other defendants; but, in the absence of any sort of allegation in the complaint in any way alluding to it, the court is powerless to enter a decree binding the Great Southern Land Company. We are convinced that the plaintiffs have made a good case on the testimony against all the defendants; but, without allegations to support a cause of suit against the one confessedly holding the legal title to the real property in dispute, all that can be done is to dismiss this suit, without costs or prejudice to any cause of suit or action heretofore or now existing in favor of plaintiffs, or either of them, against any or all of the defendants answering herein.

It is so ordered and decreed.          DISMISSED.